**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | 2:04-cr-00356-RCJ-RJJ |
| vs. | ) | 2:03-cr-00413-RCJ-PAL |
| | ) | |
| CHARLES STEPHEN MANLEY, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

Pending before the Court is Petitioner Charles Stephen Manley's identical Motions Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (ECF No. 35 in Case No. 2:04-cr-00356-RCJ-RJJ; ECF No. 52 in Case No. 2:03-cr-00413-RCJ-PAL). For the reasons given herein, the Court denies the motions.

**I.    FACTS**

Petitioner pled guilty to one count of Felon in Possession of a Firearm, 18 U.S.C. §§ 922(g)(1) and 924(a)(2), as charged in the indictment in Case No. 3:04-cr-00356-RCJ, and the Court sentenced him to ninety (90) months of imprisonment, to be served consecutively with any sentences imposed in Case No. CR-S-00-273 RLH(PAL) and No. 2:03-cr-00413-RCJ-PAL, and to be followed by three years of supervised release. (*See* J. 1–3, Sept. 12, 2005, ECF No. 34, Case No. 2:04-cr-00356-RCJ-RJJ). At the same hearing, the Court re-sentenced Petitioner to ninety-six (96) months of imprisonment in the '413 case—which was for another instance of Felon in Possession of a Firearm—after a summary *Booker* remand from the Ninth Circuit. (*See* J. 1–2, Sept. 12, 2005, ECF No. 41, Case No. 2:03-cr-00413-RCJ-PAL). Petitioner timely

appealed the re-sentencing in the '413 case, based on an allegedly improper four-level addition under the guidelines, and the Ninth Circuit affirmed.  He now brings identical sets of § 2255 claims in both the '356 and '413 cases: (1) the Court violated his Eighth and Fourteenth Amendment rights, as well as his rights under Rule 18 of the Federal Rules of Criminal Procedure by not holding a Rule 11 competency hearing; and (2) his counsel was ineffective for failing to request a Rule 11 hearing despite knowledge that he was mentally incompetent.

## II.     LEGAL STANDARDS

### A.     Procedural Default

Issues decided on direct review, or which could have been raised on direct review but were not raised, cannot be brought in a § 2255 claim. *Reed v. Farley*, 512 U.S. 339, 358 (1994). The former kinds of claim are res judicata, and the latter kinds of claim are said to be "procedurally defaulted" and cannot be raised later in a collateral attack. *See id.*  There are exceptions to the procedural default rule when a defendant can show: (1) cause and prejudice; or (2) actual innocence. *United States v. Ratigan*, 351 F.3d 957, 962 (9th Cir. 2003) (citing *Bousley v. United States*, 523 U.S. 613, 622 (1998)).

#### 1.     Cause

"Cause" means "some objective factor external to the defense" that impeded the defendant's efforts to comply with the procedural requirement. *McCleskey v. Zant*, 499 U.S. 467, 493 (1991).  Among the reasons that can constitute "cause" are government coercion, *see United States v. Wright*, 43 F.3d 491, 497–99 (10th Cir. 1994), ineffective assistance of counsel, *see McCleskey v. Zant*, 499 U.S. 467, 494 (1991), and a "reasonable unavailability of the factual or legal basis for the claim," *see id.*  Ineffective assistance of counsel is "cause" excusing procedural default only where the failure rises to the level of a constitutional violation under *Strickland*. *United States v. Skurdal*, 341 F.3d 921, 925–27 (9th Cir. 2003) (citing *Strickland v.*

*Washington*, 466 U.S. 668 (1984)).

### 2. Prejudice

"Prejudice" means that "the constitutional errors raised in the petition actually and substantially disadvantaged [a defendant's] defense so that he was denied fundamental fairness." *Murray v. Carrier*, 477 U.S. 478, 494 (1986). A showing of prejudice requires demonstration of a "reasonable probability that . . . the result of the proceedings would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Vansickel v. White*, 166 F.3d 953, 958–59 (9th Cir. 1999) (quoting *Strickland*, 466 U.S. at 694)).

## B. Ineffective Assistance of Counsel

Ineffective assistance of counsel claims are not procedurally defaulted, and such claims may be brought for the first time under a § 2255 motion even if they could also have been brought on direct appeal. *Massaro v. United States*, 538 U.S. 500, 504 (2003). The Sixth Amendment right to effective assistance of counsel is violated when: (1) counsel's performance was so deficient so as not to constitute the "counsel" guaranteed by the Sixth Amendment; and (2) the deficiency prejudiced the defense by "depriv[ing] the defendant of a fair trial, a trial whose result is reliable." *Stickland*, 466 U.S. at 687. There is a "strong presumption" of reasonable professional conduct. *Id.* at 698. When this presumption is overcome and an attorney's "unprofessional errors" are such that there is a "reasonable probability" the result would have been different had the errors not occurred, the defendant has been deprived of his Sixth Amendment rights. *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986). "Reasonable probability" is a lower standard than "more likely than not." *Nix v. Whiteside*, 475 U.S. 157, 175 (1986). The analysis does not focus purely on outcome. *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993). The trial must also have been fundamentally unfair or unreliable. *Williams v. Taylor*, 529 U.S. 362, 391–92 (2000). Counsel's tactical decisions with which a defendant disagrees do

not rise to the level of ineffective assistance unless the decisions are so poor as to meet the general test for constitutionally defective assistance. *See District Attorney's Office for Third Judicial Dist. v. Osborne*, 129 S. Ct. 2308, 2330 (2009).

### III. ANALYSIS

Both claims are time barred. *See* 28 U.S.C. § 2255(f)(1)–(4) (imposing a one-year time limit from the time of judgment of conviction except in the case of government-created impediments, newly discovered facts, or newly declared rights, none of which Plaintiff alleges). Plaintiff's judgment of conviction in the '356 case became final on October 12, 2005, because he did not appeal it. He filed the present motion over five years later. His judgment of conviction in the '413 case became final on January 18, 2007 when the Court of Appeals affirmed his conviction and sentence, because he did not file for certiorari. He filed the present motion over four years later.

The first claim would fail even if it were not time-barred, as it is both procedurally defaulted and without merit. Although usually referred to as a "Rule 11 hearing," a hearing to determine a defendant's competency to stand trial (or to plead guilty) is governed by statute. *See* 18 U.S.C. § 4241. Rule 11 simply requires a trial judge to satisfy himself with the voluntariness of a defendant's plea. *See* Fed. R. Crim. P. 11(b)(2). Rule 11 itself not only makes no reference to competency but does not even require a plea to be intelligent. It is the Due Process Clause of the Fifth Amendment that requires that a guilty plea be intelligently made. *See Boykin v. Alabama*, 395 U.S. 238, 242 (1969). A competency hearing is not required unless the defendant or the Government requests it or the Court has "reasonable cause to believe the defendant may be presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. §4241(a). Petitioner

argues no cause or prejudice for defaulting on this claim, but even assuming cause and prejudice, Petitioner does not allege that the Court had any indication of his alleged incompetence at the change of plea hearing, only that his counsel did—Petitioner admits that the evidence of his mental illness attached to the present Petition was not before the Court—so his claim of error by the Court would fail on the merits even if it weren't procedurally defaulted and time-barred.

The second claim is for ineffective assistance of counsel, so procedural default does not apply. Petitioner alleges "counsel knew petitioner has mental illnesses but did not move for competency process." (*See* Pet. 7, Jan. 25, 2011, ECF No. 35). However, this claim is also time-barred, and Petitioner does not allege government-created impediments, newly discovered facts, or newly declared rights. *See* 28 U.S.C. § 2255(f)(1)–(4).

## CONCLUSION

IT IS HEREBY ORDERED that the Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (ECF No. 35) in Case No. 2:04-cr-00356-RCJ-RJJ is DENIED.

IT IS FURTHER ORDERED that the Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (ECF No. 52) in Case No. 2:03-cr-00413-RCJ-PAL is DENIED.

IT IS SO ORDERED.

Dated this 1st day of April, 2011.

_____
ROBERT C. JONES
United States District Judge